# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

| | |
|---|---|
| KENNETH WALKER ) | |
| ) | |
| Plaintiff ) | CASE NO. 3:22-CV-585-DJH |
| ) | |
| v. ) | |
| ) | ***ELECTRONICALLY FILED*** |
| LOWE'S HOME IMPROVEMENT, ) | |
| LLC ) | |
| ) | |
| Defendant ) | |

## NOTICE OF REMOVAL

Defendant, Lowe's Home Centers, LLC (incorrectly identified in Plaintiff's Complaint as "Lowe's Home Improvement, LLC"), by counsel, hereby removes this action from Jefferson Circuit Court, in Louisville, Kentucky, to the United States District Court for the Western District of Kentucky pursuant to §§ 1332, 1441, and 1446 of Title 28 of the United States Code.

1. Plaintiff, Kenneth Walker, commenced this action on or about June 3, 2022, by filing his complaint in the Jefferson Circuit Court, Civil Action No. 22-CI-002771. Defendant Lowe's was served with the complaint on June 6, 2022. (Complaint, attached hereto as Exhibit A).

2. Plaintiff alleges that on June 6, 2021, he fell in the parking lot of the Lowe's store located at 6651 Dixie Highway, Louisville, Kentucky and suffered personal injuries.

## TIMELINESS OF REMOVAL

3. Pursuant to 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

4. Pursuant to 28 U.S.C. § 1446(c), "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action…."

5. On October 3, 2022, Plaintiff responded to Defendant Lowe's requests for admission. (*See*, Plaintiff's Answers to Defendant Lowe's Home Centers, LLC's Requests for Admission, Plaintiff's Notice of Filing of same, and Lowe's Requests for Admission, attached collectively hereto as Exhibit B). Counsel for Lowe's received Plaintiff's responses on October 3, 2022.

6. Plaintiff's responses to the requests for admission indicated for the first time that the amount in controversy in this matter exceeded $75,000.

7. This notice of removal is timely because it is within thirty days since Defendant Lowe's received Plaintiff's responses to Lowe's requests for admission. Further, the notice of removal is timely because it is being filed less than one year after commencement of the action on June 3, 2022.

## VENUE

8. Venue for this removal action is proper pursuant to 28 U.S.C. § 1441 and Local Rules 3.1(b)(1) and 3.2(b) of the Joint Local Rules of Civil Practice because the

Western District of Kentucky at Louisville is the United States District Court for the district and division embracing the place wherein the state court action was pending.

## DIVERSITY OF CITIZENSHIP

9. This is a civil action in which there is complete diversity of citizenship between plaintiff and defendant. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441 because it could have been filed in this Court under 28 U.S.C. § 1332.

10. Plaintiff is an individual who is a citizen and resident of Leitchfield, Kentucky. (Complaint, Exhibit A, at ¶1).

11. The correct defendant, Lowe's Home Centers, LLC, is and was at the time of the filing of the complaint a foreign limited liability company whose sole member is a corporation which was incorporated in North Carolina with a principal place of business in North Carolina. Accordingly, Lowe's Home Centers, LLC is not a citizen of Kentucky.

12. The named defendant, Lowe's Home Improvement, LLC, is and was at the time of the filing of the complaint a foreign limited liability company whose sole member is a corporation which was incorporated in North Carolina with a principal place of business in North Carolina. Accordingly, Lowe's Home Improvement, LLC is not a citizen of Kentucky.

## AMOUNT IN CONTROVERSY

13. In Plaintiff's response to Defendant Lowe's requests for admission, Plaintiff denied that the total amount in controversy relating to Plaintiff's claims against Defendant Lowe's does not now, and never will, exceed the requisite

jurisdictional amount of $75,000. (*See*, Exhibit B). Plaintiff also denied that she would never accept or ask a jury for damages relating to Plaintiff's claims, which would exceed $75,000, exclusive of interest and costs. *Id*.

14. Plaintiff denied that she would not seek less than $75,000. Such denials of a request for admission phrased in the negative are competent proof establishing the amount in controversy. *Powel v. Wal-Mart Stores, Inc.*, Civil Action no. 14-155-HRW, 2015 WL 2063966, at 2-3 (E.D. KY. Apr. 30, 2015); *see also Murchinson v. Progressive Northern Ins. Co.*, 564 F.Supp.2d 1311, 1341(E.D. Okla. 2008) (finding that plaintiff's denial of a request for admission that she would not seek damages in excess of the jurisdictional minimum to be the first paper from which removability could have been ascertained); *Freeman v. Witco, Corp.,* 984 F.Supp. 443, 447 (E.D. La. 1997) (finding same); *McLain v. Am. Int'l Recovery, Inc.*, 1 f.Supp.2d 628, 631 (S.D. Miss 1998) (finding removal proper "[i]f the plaintiff denies [a] request" to admit "that his damages do not exceed $75,000").

15. Further, Plaintiff claims damages in this litigation for personal injuries, and he specifically seeks "[m]edical expenses and prescriptions in excess of $1000.00, past and future;" "[p]hysical pain and suffering;" "[m]ental humiliation and anguish;" "[r]isk of future complications;" "[l]oss of enjoyment of life;" and "[o]ut of pocket expenses." (*See*, Complaint, Exhibit A at ¶5.)

16. Given the alleged nature and extent of Plaintiff's injuries and Plaintiff's response to Defendant Lowe's requests for admission, the preponderance of available evidence indicates that the alleged damages in this case exceed $75,000 exclusive of

interests and costs, thereby satisfying the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a).

## OTHER MATTERS

17. Pursuant to 28 U.S.C. § 1446(a), all other pleadings, process, and orders served on and by the removing defendant in the state action are attached to this notice of removal as Exhibit C.

18. In compliance with 28 U.S.C. § 1446(d), notice of filing of this notice of removal is being filed with the Circuit Court for Jefferson County, Kentucky.

19. Defendant Lowe's is serving other parties with written notice of the removal of this action.

20. This case is being removed subject to and without waiver of any challenges that Defendant Lowe's may have as to any claims or defenses that may be available to it.

Respectfully submitted,

STEPTOE & JOHNSON PLLC

*/s/ Laura L. Mays*
Laura L. Mays
100 West Main Street, Suite 400
Lexington, Kentucky 40507
859.219.8216 (t)/ 859.255.6903 (f)
laura.mays@steptoe-johnson.com
COUNSEL FOR DEFENDANT

15643898v1

## CERTIFICATE OF SERVICE

      I hereby certify that on the 2nd day of November, 2022, a copy of the foregoing *Notice of Removal* was filed electronically with the Court. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system and U.S. Mail, postage prepaid. Parties may access this filing through the Court's system:

Earlene Whitaker Wilson
Attorney at Law
90 Public Square
Leitchfield, Kentucky 42754
whitaker.earlene@gmail.com
earlene@eaailsonlaw.com
*Counsel for Plaintiff*

                                            */s/ Laura L. Mays*
                                            COUNSEL FOR DEFENDANT

15643898v1